KOON *v.* THE STATE OF OHIO.

(Decided December 19, 1928.)

*Mr. Homer E. Johnson,* for plaintiff in error.
*Mr. Frank Wiedemann,* prosecuting attorney, and
*Mr. Carter M. Patton,* for defendant in error.

JUSTICE, J. Everett Koon, alias Cecil Dean, was indicted for murder in the first degree upon two counts. The first count charged murder with premeditation and malice aforethought, and the sec-

ond count charged murder committed in perpetrating, or attempting to perpetrate, a robbery.

Upon trial by jury, Koon was convicted of murder in the first degree, under the second count of the indictment. The jury did not recommend mercy. The trial judge imposed the sentence of death in the electric chair.

Koon prosecutes error to this court on four grounds: first, verdict and judgment are contrary to law, in that they are not sustained by any evidence; second, verdict and judgment are not sustained by sufficient evidence; third, admission and rejection of testimony; fourth, the charge.

Of these in their order:

Koon was a stranger in Marion. He was unemployed. On the morning of May 29, 1928, he left Marion afoot, in search of a man by the name of Owens, who, so he claimed to have been told, was in need of a farm hand. Koon went north about two and a half miles, and, failing to find Owens, sat down by the roadside to rest. While there, about the hour of 8:30 a. m., he saw Henry Foos and wife pass by. They had just left their home, which was nearby, and were on their way to their daughter's home. Some time after they had gone by, Koon went to their residence and forcibly broke and entered it. He ransacked the house, and took a razor and a ring. About the hour of 11:15, a. m., Henry Foos and wife returned to their home. Koon, who was still in the house, saw Mrs. Foos approach the front door. He went to the back door, the one by which he had entered, and saw Henry Foos in the barnyard. Koon then went to the cellar of the house. He testified that,

at that time, he was trying to get out of the house without being seen. Mrs. Foos came into the house by the front door, and laid a sack, which she had with her while at her daughter's home, upon a couch in the dining room. In the sack were two pocketbooks, which contained about nine hundred dollars in bills. The money was the property of Henry Foos. After placing the sack on the couch, Mrs. Foos entered a bedroom and discovered that the bed and dresser drawers had been molested. She so notified her husband and he came into the house. He entered by the back door. It was unlocked. Together they hurriedly examined the bedroom, and then called by telephone a nearby neighbor. We quote the conversation:

"Well, when he came home he called me up and told me over the telephone, he said, somebody has been in their house, and I said what did they do, and he said, they ransacked the drawers and tore the beds up, and I said, what did they get, and he said, they took my ring and my razor, and kinda laughed, and I said, did they get any money, and he said, no, I have it with me."

Koon, the accused, was interrogated about this conversation, and we quote the questions asked and the answers given by him concerning it:

"Q. Did you hear the conversation of Mr. Foos while you were in the cellar, over the telephone?

"A. I did.

"Q. Did he mention that he had his money with him?

"A. I don't know whether he mentioned his money, but he was talking to somebody over the telephone and I heard him say, 'No, I had it with

me,' but I didn't know what it was; he just said, 'No, I had it with me.'"

After the telephone conversation, Henry Foos and his wife went upstairs to see whether there was anything missing besides the razor and ring. While they were upstairs, Koon left the cellar and came up into the dining room, with a rock in his hand. He testified that he could not escape by the way of the cellar, and had come upstairs with the intention of leaving the house by the front door. When asked why he brought a rock with him, he replied, "No particular intention whatever." Koon testified that he found the rock in the cellar.

While Koon was in the dining room, Henry Foos and wife came downstairs; Henry Foos was ahead of his wife. When Henry Foos reached the bottom of the stairs, so Mrs. Foos testified, Koon was standing by a table in the dining room. The two men clinched. Mrs. Foos, hearing her husband say, "Maw, help me," went to his aid. The struggle was of short duration. Koon was a man weighing about 150 pounds, of average strength. Henry Foos was 73 years of age, and he and his wife, who was aged, were both quite frail. Mrs. Foos was knocked to the floor in an unconscious state. Henry Foos was struck on the head several times with the rock and fell to the floor in a helpless condition. Koon told the court and jury that he purposely struck Henry Foos with the rock, but denied that he struck Mrs. Foos. After having beaten the aged couple into a state of helplessness, Koon turned to the couch and seized the sack in which the money was contained. It had remained on the couch from the time it had been placed there by

Mrs. Foos until seized by Koon, and was in plain sight, with the pocketbooks showing. He took all the money, but left the sack, pocketbooks and rock on the couch. He tore the telephone from the wall and left the house by the back door.

Koon testified that he did not know of the money until after the struggle; that he saw the sack and pocketbooks for the first time after the fight; that he had no intention of robbing Henry Foos at the time he knocked him to the dining room floor with the rock; that his only intention at the time of the struggle was to escape from the house; and that he did not purposely tear the telephone from the wall.

About 12 o'clock noon, Koon was caught in a cornfield by a patrolman of the city of Marion, Ohio. He had in his pockets $675 and a ring, the property of Henry Foos. Later in the day, $160 in bills was found in the cornfield, near the place where Koon was apprehended.

After his arrest, Koon voluntarily signed a written statement, in which he admitted the striking of Henry Foos and the taking of the money and ring. He, however, stated in his confession that at the time of the striking he had no intention of robbing Henry Foos, and that his only purpose in striking him was to escape from the house.

Henry Foos, some short time after the attack, was taken to the Marion City Hospital, where medical and surgical attention were given to him. On May 30, 1928, he died from a fracture of the skull, hemorrhage, and shock, the result of the blows inflicted upon him by Koon. Koon had a criminal record, and had served time in the Ohio penitentiary and in the reformatory at Mansfield.

The foregoing facts are the salient and controling ones in this case.

It is urged, by counsel for Koon, as the first ground of error, that there was no evidence tending to prove that Koon, at the time he struck and mortally wounded Henry Foos, intended to rob him, and that, therefore, the verdict and judgment of the court of common pleas are contrary to law. With this contention we do not agree. Surely what Koon's intention was when he struck Henry Foos can be determined by his acts and conduct prior to, at, and after the struggle. The attending circumstances of the striking were put in evidence by the state, and, in our opinion, they spoke louder than words, clearly tending to prove that Koon intended to rob Henry Foos at the time he inflicted the mortal wound.

Counsel for Koon contends, as the second ground of error, that the verdict and judgment are not sustained by sufficient evidence. Before we can sustain this assignment of error, it must appear from the record that the verdict is clearly and manifestly contrary to the evidence. *Breese* v. *State,* 12 Ohio St., 146, 156, 80 Am. Dec., 340; *Scaccuto* v. *State,* 118 Ohio St., 397, 161 N. E., 211.

It is true that on some of the questions of fact there is a sharp conflict in the oral testimony, and, of course, different minds in weighing it might come to different conclusions. Questions of fact, however, are for the trier of the facts, in the instant case the jury. The jurors saw the witnesses. We did not. The jurors observed the demeanor of the witnesses while testifying. We did not. It is common knowledge to trial judges and active trial law-

yers that often a witness' facial expressions belie his words. The jurors were therefore in a much better position to determine the weight to be given to the oral testimony than we, who have only the typewritten record of the testimony before us.

Applying the rule of law above stated to the evidence in this case, as disclosed by the record, we find no sufficient ground to warrant our interfering with the verdict. In fact, in our opinion, there is abundant evidence to sustain it.

As to the third claimed error, admission and rejection of testimony. Counsel for Koon does not point out in his brief wherein the trial court erred in the admission and rejection of testimony. We have, however, examined each and all of the numerous rulings made by the trial court on the testimony offered. Without setting them forth and commenting on them, we will say that, in our opinion, no prejudicial error has intervened in the trial of this case in above respect.

Coming now to the last assignment of error, that is, error in the charge: The trial court, in part, instructed the jury as follows:

"It is for you to determine, from the evidence in this case, beyond a reasonable doubt, whether or not this defendant was engaged in a robbery, or attempting to perpetrate a robbery, at the time of the commission of the alleged offense as charged in the second count in the indictment."

Also: "In order to find the defendant guilty of murder in perpetrating, or attempting to perpetrate, a robbery, as charged in the second count in the indictment, the state must prove, by the evidence, beyond a reasonable doubt, not only that the

killing was done by the defendant in manner and form, and at the time and place, charged in the indictment, but that it was done purposely.''

Counsel for Koon insists that these instructions were erroneous. With this contention we are not in accord. They were proper instructions, and, when taken in connection with the entire charge, correctly stated the law. The charge should be construed as a whole. *Graham* v. *State,* 98 Ohio St., 77, 120 N. E., 232, 18 A. L. R., 1272.

We have given this record our most careful consideration and, upon the whole case, we are unanimously of the opinion that Everett Koon had a fair trial. In fact, in our opinion, in the light of the evidence, any form of verdict other than the one returned would have been a travesty on justice.

Holding these views, it follows that the judgment of the court of common pleas should be affirmed.

*Judgment affirmed.*

HUGHES and RICHARDS, JJ., the latter of the Sixth Appellate District, concur.